# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

JARON SIMS,                                    )
                                               )
           Plaintiff,                       )
                                               )
    v.                                         )          No. 4:12CV1979 JAR
                                               )
ST. LOUIS CITY JUSTICE                         )
CENTER, et al.,                                )
                                               )
           Defendants.                      )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jaron Sims (registration no. 100890), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.46. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $4.80, and an average monthly balance of $7.29.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.46, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983.  Named as defendants are the St. Louis City Justice Center ("SLCJC"), Unknown Greer (Correctional Officer), and Alicia Matson-Gooch (Lieutenant).  Plaintiff seeks monetary relief.

Plaintiff alleges that on June 25, 2010, he was assaulted by another inmate who was on protective custody status at that time.  Plaintiff claims that the other inmate was dangerous and was supposed to be treated with a special protocol whenever he was out of his cell, i.e., that certain procedures were supposed to be followed to prevent the inmate from being involved with physical altercations with any of the other inmates.  Plaintiff alleges that defendants were not aware of the inmate's protective custody status, and so the protocols were not in place.  Plaintiff asserts that

the inmate assaulted him while he was eating dinner. Plaintiff attributes the assault to defendants' negligence.

Plaintiff maintains that on June 23, 2012, he was again assaulted by another inmate on protective custody. Plaintiff claims that again protocols were not in place and the inmate was allowed to roam freely when he should have been accompanied by a correctional officer. Plaintiff claims that the inmate assaulted him while he was eating dinner by bashing his head with a dinner tray. Plaintiff says that correctional officers came to his aid and sent him to medical.

## Discussion

Plaintiff's claim against SLCJC is legally frivolous because it is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

To state a failure-to-protect claim, plaintiff is required to allege that (1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew the inference, and (3) they failed to take reasonable steps to protect him. See Farmer v. Brennan, 511 U.S. 825, 836-38, 844 (1994). In this case, plaintiff has alleged that defendants were not aware that the inmates were on protective status and therefore constituted a risk to

-4-

plaintiff. Plaintiff's allegations sound in negligence, which does not give rise to a claim under § 1983. As a result, plaintiff's claims fail to state a claim upon which relief can be granted.

Moreover, the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to Greer and Matson-Gooch for this reason as well.

Accordingly,

-5-

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.46 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 21st day of November, 2012.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE